NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3346

JOSE J. ESTEVEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF HOMELAND SECURITY,

Intervenor.

_____

DECIDED:  August 3, 2006

_____

Before NEWMAN, RADER, and GAJARSA, Circuit Judges.

NEWMAN, Circuit Judge.

Mr. Jose J. Estevez petitions for review of the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction.[1]  We affirm.

BACKGROUND

---

[1]    Estevez v. Dep't of Homeland Sec., No. NY0752050010-I-1, 2005 MSPB LEXIS 1229, 3827 (Feb. 8, 2005).

Mr. Estevez was an Air and Marine Group Supervisor, GS-14, with the Department of Homeland Security Bureau of Immigration and Customs Enforcement (the "agency"). He supervised approximately ten employees, of whom six were aircraft pilots. On April 7, 2004 the agency proposed to demote him to a GS-13 aircraft pilot position and reassign him from San Juan, Puerto Rico to Jacksonville, Florida, based on a charge of unprofessional and/or unacceptable conduct. Deciding Official William F. Oliver considered Mr. Estevez's oral reply, and issued a letter dated September 14, 2004 sustaining the charge and finding the proposed adverse action "warranted." However, instead of instituting the action, Mr. Oliver ruled that "it is my decision that the service efficiency will be served by agreeing to and effecting the terms of the attached settlement agreement." The attached agreement was signed by Mr. Oliver and provided that the parties would

> agree to voluntarily enter into a Settlement Agreement regarding the decision to suspend the Employee without pay for fourteen (14) calendar days for Unprofessional and/or Unacceptable Conduct of a Supervisor, as stated in the April 7, 2004, Notice of Proposal. This settlement has been reached freely and in good faith, in consideration of the mutual promises made below.

Under the agreement, the agency promised to

> hold the Decision to Suspend in abeyance for a period not to exceed two (2) years from the date on which the last party signs this Agreement [and upon] successful completion of the terms of this Agreement, the deciding official will rescind the Decision to Suspend.

In turn, Mr. Estevez would promise to "initiate a request for a Voluntary Change to Lower Grade," not engage in any misconduct, and waive any appeal rights.

Mr. Estevez declined to sign the agreement, and instead filed an appeal with the MSPB on October 8, 2004. Mr. Oliver then sent another decision letter, dated October 15, 2004, stating:

05-3346                                                            2

> This letter rescinds my decision letter dated September 14, 2004 in its entirety. This action is necessary as a result of your decision to recant on our mutual acceptance of Settlement Agreement referred to in the subject letter. Therefore the September 14, 2004 letter is replaced in whole by the enclosed decision letter dated October 15, 2004.

The October 15 letter announced that the service efficiency would be served by demoting Mr. Estevez to a GS-13 aircraft pilot position and reassigning him to Jacksonville, Florida. The October 15 letter, unlike the September 14 letter, explained Mr. Estevez' appeal rights and the deadline for appeal, and stated that the "demotion will be effective as soon as funds are available to relocate you."

Meanwhile, the MSPB appeal proceeded as to the September 14 letter. On October 29, 2004 the administrative judge questioned whether the September 14 letter was a final appealable action. Mr. Estevez argued that the agency's rescission of that letter on October 15 had not mooted the action because the agency had not returned him to the status quo ante. The administrative judge held that the September 14 letter was not a final agency action and thus was not subject to review, and dismissed the appeal for lack of jurisdiction. The administrative judge observed that Mr. Estevez had taken a separate appeal of the October 15, 2004 final decision. The disposition of that second appeal is reported at Estevez v. Dep't of Homeland Sec., No. NY0752050021-I-1, 2005 MSPB LEXIS 1632 (Mar. 31, 2005) (dismissing appeal because the agency rescinded its October 15 decision and reinstated Mr. Estevez with back pay and benefits). The full Board denied review of the September 14 decision, and Mr. Estevez appeals to this court.

## DISCUSSION

We review the decision of the Board to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained

without procedures required by law, rule, or regulation; or unsupported by substantial evidence. <u>See</u> 5 U.S.C. §7703(c); <u>Cheeseman v. Office of Pers. Mgmt.</u>, 791 F.2d 138, 140 (Fed. Cir. 1986). Whether the Board has jurisdiction is a question of law, which this court reviews de novo. <u>Hayes v. United States Postal Serv.</u>, 390 F.3d 1373, 1376 (Fed. Cir. 2004).

The Board's holding was based on prudential concerns of ripeness and finality, implemented by statute, <u>see</u> 5 U.S.C. §1204(h) ("The Board shall not issue advisory opinions.") In <u>Port of Boston Marine Terminal Assoc. v. Rederiaktiebolaget Transatlantic</u>, 400 U.S. 62, 71 (1970), the Supreme Court summarized the relevant considerations for determining the finality of an agency action for purposes of judicial review:

> The relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action.

<u>Id.</u> at 71 (1970) (citations omitted). The principles that caution against a federal court's intrusion into administrative decisionmaking suggest similar restraint by the Board in its role of providing appellate review of agency decisionmaking. <u>See</u> <u>Data General Corp. v. Johnson</u>, 78 F.3d 1556, 1565 (Fed. Cir. 1996) ("Although the Board is not a court," it has authority to apply judicial doctrines where the same principles of judicial efficiency justify their application). The statutes and regulations governing the Board do not contemplate, and indeed would be frustrated by, the disruption of orderly agency decisionmaking by the issuance of opinions before "rights or obligations have been determined or legal consequences will flow from the agency action." <u>Port of Boston</u>, 400 U.S. at 71.

The administrative judge in this case relied on the Board's opinion in Murray v. Department of Defense, 92 M.S.P.R. 361 (2002) to determine whether the agency's decision was final. In Murray the Board considered the issue of whether it had jurisdiction of an appellant's appeal of a thirty-day suspension that had been held in abeyance pending exhaustion of the administrative process pursuant to a collective bargaining agreement provision. The Board held that it had jurisdiction over the suspension held in abeyance because "the decision to suspend the appellant has all the attributes of a final agency action and the issues are fit for adjudication." Id. at 373. The Board further reasoned that "the stay of the action does not affect the agency's decision-making but only the timing of the execution of the decision." Id.

Mr. Estevez argues that the Board erred in dismissing his appeal for lack of jurisdiction. He states that the agency decision letter of September 14, 2004 was a final decision that was stayed pending consideration of the settlement. Mr. Estevez observes that under Board precedent, a "stay of the action does not affect the agency's decision-making but only the timing of the execution of the decision." Murray, 92 M.S.P.R. at 373. Mr. Estevez states that the agency had finally decided as of September 14, 2004 that he would be subject to a 14-day suspension in the absence of settlement, and that he was informed by Ms. Maushumi Carey of the Labor Relations Office of the Department of Homeland Security that the September 14 letter would be placed in his official personnel record if he did not sign the agreement. Mr. Estevez further states that the decision to demote him had been implemented by September 14, 2004, for his duties as supervisor were divested and his group was reassigned to another supervisor by that date.

The Board replies that in <u>Murray</u> the employing agency had issued a proposed adverse decision, set an effective date for the personnel action, and then granted a request to stay the implementation of the decision pursuant to a collective bargaining agreement, pending appeal to the Board.  In contrast, the September 14, 2004 letter to Mr. Estevez did not indicate that a final decision had been made to take an adverse action appealable to the Board, did not set an effective date for any such action, and did not apprise Mr. Estevez of his appeal rights, whereas the October 15 letter to Mr. Estevez exhibited all of these indicia of finality.  The Board states that the September 14 letter simply reflected a decision to enter a settlement agreement, in accordance with its terms, and that final disposition was contingent on Mr. Estevez's acceptance or rejection of the settlement offer.  The Board states that the relevant statute setting forth MSPB jurisdiction, 5 U.S.C. §7512, does not provide for review of a change in supervisory responsibilities, or of the placement of a letter in a file, or of the other alleged actions taken by the agency as of September 14.

We agree with the Board and the Department of Homeland Security that the September 14 letter was not a final decision appealable to the Board.  The agency had proposed a settlement and was awaiting response by Mr. Estevez.  "Rights" and "obligations" had not yet been determined, and Board review would have been "disruptive."  <u>Port of Boston</u>, 400 U.S. at 71.  Unlike the "final decision" in <u>Murray</u> that had been stayed, the September 14 letter included no statement of decision, other than a decision to enter the settlement agreement if Mr. Estevez were to accept the terms.  Further, the September 14 letter did not state an effective date or advise Mr. Estevez of his appeal rights.  The promises contained in the agreement were clearly "contingent" on the occurrence of a future event, <u>i.e.</u>, Mr. Estevez's agreement to the settlement terms.

When it became apparent that Mr. Estevez had rejected the settlement, the agency rescinded the September 14 letter and issued the letter of October 15, 2004, which states the agency's "decision that the service efficiency will best be served by demoting" Mr. Estevez. The letter further states that the "demotion will be effective as soon as funds are available to relocate you" and advises Mr. Estevez of his appeal rights. This rescission of the earlier offer of settlement fully supports the Board's position that the agency had not yet taken an appealable final action as of September 14, 2004.

We conclude that the Board did not err in dismissing Mr. Estevez's appeal of the September 14, 2004 letter. The decision is affirmed.